1 | Michael P. Lehmann (Bar No. 77152)
Christopher L. Lebsock (Bar No. 184546)
2 | Bonny E. Sweeney (Bar No. 176174)
Bruce J. Wecker (Bar No. 78530)
3 | Stephanie Y. Cho (Bar No. 291903)
**HAUSFELD LLP**
4 | 44 Montgomery St.
San Francisco, CA 94104
5 | Phone: (415) 633-1908
Fax: (415) 358- 4980
6 |

7 | *Counsel for Plaintiff*

8 | [Additional Counsel on Signature Page]

9 |

10 | **UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BEACH ROAD MUSIC LLC, individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>        vs.<br><br>ESCAPE MEDIA GROUP, INC., SAMUEL TARANTINO, and JOSHUA GREENBERG,<br><br>                    Defendants. | No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR:**<br><br>**1) VIOLATIONS OF CAL. CIV. CODE § 980(a)(2);**<br><br>**2) UNLAWFUL BUSINESS ACTS AND PRACTICES IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200 *ET SEQ.*;**<br><br>**3) COMMON LAW COPYRIGHT INFRINGEMENT UNDER NEW YORK AND FLORIDA COMMON LAW;**<br><br>**4) MISAPPROPRIATION UNDER CALIFORNIA, NEW YORK AND FLORIDA COMMON LAW;**<br><br>**5) CONVERSION UNDER CALIFORNIA, NEW YORK AND FLORIDA COMMON LAW; and**<br><br>**6) DECLARATORY RELIEF UNDER 28 U.S.C. § 2201 *ET SEQ.***|

Plaintiff Beach Road Music LLC ("Beach Road"), on behalf of itself and all others similarly situated, by and through its undersigned counsel, hereby brings this action against defendants Escape Media Group, Inc. and its two founders Samuel Tarantino and Joshua Greenberg (collectively, "Escape") and alleges the following.

## I.    NATURE OF THE ACTION

1.    This putative class action involves all musical performances that were originally "fixed" – *i.e.*, recorded – prior to February 15, 1972 ("Pre-1972 Recordings") that are subject to California, New York, or Florida law.

2.    Since at least 2006, Escape has operated a service that streams music to consumers known as Grooveshark. Grooveshark is available on a consumer's internet browser and applications for computers and peripherals (*e.g.*, iPhones, iPods, iPads, and Android-based devices).

3.     In order to stream sound recordings on Grooveshark, Escape has made copies of these sound recordings on its servers. A federal district court has already ruled that Escape has systematically violated federally-copyrighted music created in 1972 or later. *UMG Recording, Inc. v. Escape Media Group, Inc.*, No. 11 Civ. 8407, 2014 WL 5089743 (S.D.N.Y. Sept. 29, 2014). Escape has also infringed common law or state statutory copyrights foe Pre-1972 Recordings. Grooveshark streams Pre-1972 Recordings that Escape has not obtained the recordings' owners' permission to stream and that Escape has not paid royalties or licensing fees to the recordings' owners. Yet Escape has profited from its streaming of Pre-1972 Recordings in the form of subscription fees collected from its users and advertising revenue it collects from advertising partners.

4.    Escape's streaming of Pre-1972 Recordings without a license: (a) violates California Civil Code § 980(a)(2) and California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, ("UCL"); (b) constitutes misappropriation and conversion under California, New York and Florida law; and (c) constitutes infringement of common law copyrights under New York and Florida law. Defendants' improper conduct also violates Florida's law prohibiting statutory theft (Fla. Stat. §812.014), which is redressable under

1    Florida's civil theft statute (Fla. Stat. §772.11); an appropriate prefiling demand in connection

2    with this claim will be sent to Defendants. Plaintiff will amend this complaint to add a civil theft

3    claim under Florida law if that demand is rejected.

4        5.    Plaintiff Beach Road is the legal owner to a library of Pre-1972 Recordings

5    ("Plaintiff's Recordings"), at least one of which Escape has reproduced, distributed, or

6    performed on Grooveshark without payment of royalties or licensing fees to Beach Road.

7    Plaintiff brings this action on behalf of itself and all other similarly-situated owners of Pre-1972

8    Recordings that Escape has reproduced, distributed, or performed on Grooveshark without

9    paying royalties or licensing fees.

10   **II.    THE PARTIES**

11       6.    Plaintiff Beach Road Music LLC is a California-based, international multimedia

12   rights-management firm formed by Raphael Tisdale and Seth Berg, two former senior executives

13   of a major record label. Beach Road has its principal offices located in El Segundo, California. It

14   manages over 3,000 musical copyrights, recorded music rights, name and likeness rights,

15   trademarks, video assets, and life rights for the estates of Nat King Cole, Peggy Lee, and Bing

16   Crosby.

17       7.    Defendant Escape Media Group, Inc. is a Delaware corporation with its principal

18   place of business at Gainesville, Florida. Escape also maintains offices in New York. Escape was

19   founded by Samuel Tarantino and Joshua Greenberg, who are also named here as Defendants.

20   **III.    JURISDICTION AND VENUE**

21       8.    The claims asserted herein arise under California Civil Code § 980(a)(2),

22   California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq*., and California,

23   New York and Florida common law.

24       9.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 based on

25   diversity of citizenship and the amount in controversy exceeding $75,000, exclusive of interests

26   and costs. This Court also has jurisdiction over this action pursuant to the Class Action Fairness

27   Act, 28 U.S.C. § 1332(d)(2)(A), as the matter in controversy exceeds $5,000,000, exclusive of

28   interest and costs, and at least one member of the putative Class is a citizen of a State different

CLASS ACTION COMPLAINT

- 2 -

1    from Defendants. Further, more than two-thirds of the putative Class reside in states other than

2    the State in which Defendants are domiciled and in which this case is filed, such that any

3    exceptions to jurisdiction under 28 U.S.C. § 1332(d) do not apply.

4         10.    The Court has personal jurisdiction over the Defendants as a result of their

5    substantial, continuous and systematic contacts with the State, and because Defendants have

6    purposely availed themselves of the benefits and privileges of conducting business activities

7    within the State.

8         11.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because

9    Defendants transact business within this District and a substantial part of the events or omissions

10   giving rise to the claims raised in this action occurred in this District.

11   **IV.    INTRADISTRICT ASSIGNMENT**

12        12.    Under Northern District of California Local Civil Rule 3-2(c), (d), and 3-5(b), this

13   action is properly assigned to the San Francisco or Oakland Division because the action arises in

14   the San Francisco County in that a substantial part of the events or omissions giving rise to the

15   claims raised in this action occurred in the San Francisco County, where Defendants conduct a

16   substantial part of their business.

17   **V.    FACTUAL ALLEGATIONS**

18        13.    The facts in support of this action are based on Plaintiff's review of publicly-

19   available information. Based on a review of these documents, and as described in greater detail

20   herein, Plaintiff believes that discovery will result in the production of many more inculpatory

21   documents within Defendants' sole possession, custody, or control.

22        **A.    State Copyright Law Regulates Pre-1972 Recordings**

23        14.    Under the 1972 Amendments of the United States Copyright Act, Congress

24   provided that sound recordings "fixed" (*i.e.*, recorded) before February 15, 1972 are within the

25   exclusive province of state law. *See* 17 U.S.C. § 301(c). Thus, state common and statutory law

26   applies to these Pre-1972 Recordings.

27        15.    Plaintiff asserts claims under California, New York, and Florida law. Each of

28   these state's protections for Pre-1972 Recordings is discussed in greater detail below.

### 1.   *California Copyright Law*

16.   The music industry is synonymous with California. The making and exploitation of sound recordings in California employs tens of thousands of Californians and contributes millions upon millions of dollars to the state and local economies. California, in turn, has provided protections to owners of sound recordings for more than forty years against those who exploit these sound recordings without license or compensation.

17.   California common law has protected sound recordings for more than 40 years and California statutory law has protected sound recordings for more than 30 years. California first recognized a property right in Pre-1972 Recordings in 1969. In 1982, the California legislature amended the state's civil code to statutorily provide for the protection of Pre-1972 Recordings as follows:

> The author of an original work of authorship consisting of a sound recording initially fixed prior to February 15, 1972, has an exclusive ownership therein until February 15, 2047, as against all persons except one who independently makes or duplicates another sound recording that does not directly or indirectly recapture the actual sounds fixed in such prior sound recording, but consists entirely of an independent fixation of other sounds, even though such sounds imitate or simulate the sounds contained in the prior sound recording."

Cal. Civ. Code § 980(a)(2).

18.   California law has never delimited, either expressly or impliedly, the scope of the common law or statutory protections afforded to Pre-1972 Recordings. Furthermore, California law does not exclude the right of public performance from the rights of "exclusive ownership" afforded to holders of Pre-1972 Recordings. Numerous recent court decisions in cases involving Pre-1972 Recordings have so held. "Civil Minutes" (Sept. 27, 2014) (Dkt. No.17) in *Flo & Eddie, Inc. v. Sirius XM Radio, Inc*., No. 2-13-cv-05693-PSG (RzX) (C.D. Cal); *Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, No. 2-13-cv-05693-PSG (RzX), 2014 WL 6670201 (S.D.N.Y. Nov. 14, 2014), *on reconsideration*, 2015 WL 235241 (S.D.N.Y. Jan. 15, 2015); "Court's Ruling on Submitted Matter" (Oct. 14, 2014) in *Capitol Records LLC v. Sirius XM Radio, Inc*., No. BC520981 (Cal. Super. Ct., Los Angeles Cnty.).

19.     Put simply, California's protections for sound recordings cover nearly any conduct by individual or entities that seek to profit from the exploitation of Pre-1972 Recordings for their own benefit, including unauthorized and unlicensed public performances and reproductions.

20.     The broad protections afforded to Pre-1972 Recordings by California law are wholly consistent with California courts' and legislature's recognition that it is important for public policy to protect the owners of Pre-1972 Recordings from unauthorized exploitation of these recordings.

### 2.     *New York Copyright Law*

21.     Just as with California law, New York law has not delimited, either explicitly or implicitly, the scope of common law protection for Pre-1972 Recordings, nor have New York courts excluded the right of public performance from the rights of owners in Pre-1972 Recordings.

22.     Instead, the New York cases explicitly recognize a common law copyright in Pre-1972 Recordings, whether or not they are published. *Capitol Records, Inc. v. Naxos of America, Inc.*, 4 N.Y.3d 540, 797 N.Y.S.2d 352, 830 N.E.2d 250 (2005); *Capitol Records, LLC v. Harrison Greenwich, LLC*, 44 Misc.2d 202, 984 N.Y.S.2d 274 (2014). As noted in *Harrison*, common law copyright infringement in New York is treated as being akin to a strict liability offense.

### 3.     *Florida Copyright Law*

23.     Courts in Florida have also recognized protectable common law copyrights in cases involving Pre-1972 Recordings. *CBS, Inc. v. Garrod*, 622 F.Supp. 532 (M.D. Fla. 1985). *See also SmokeEnders, Inc. v. Smoke No More, Inc.*, 1974 U.S. Dist. LEXIS 6183 (S.D. Fla. 1974) (discussing common law copyrights in another context).

### B.     **Plaintiff's Recordings**

24.     Some of the world's most popular artists and songs are Pre-1972 Recordings.

25.     Beach Road acquired master recordings of popular songs owned by Coed Records, Inc. ("Coed") in April of 2010. Coed was founded in New York City in 1958. Many of

1    the songs on Coed became hit songs of the day, and between 1958 and 1965, Coed's biggest acts

2    included the Crests, the Rivieras, the Duprees, the Harptones, Trade Martin and Adam Wade,

3    among others.

4        26.    Among the hits of these artists were the Duprees' *You Belong to Me* and *Why*

5    *Don't You Believe Me*; the Crests' *Sixteen Candles*, *The Angels Listened In*, *Pretty Little Angel*,

6    and *Trouble in Paradise*. Coed's final singles were released in 1965.

7        27.    In January 2011, Beach Road released the album *From The Vault: The Coed*

8    *Records Lost Master Tapes Volume 1*. Beach Road allows consumers to pay for the downloading

9    of tracks of the pre-1972 Recordings it owns or manages through internet portals with whom it

10   has contractual relationships, such as www.last.fm, owned by CBS Interactive.

11       28.    Each of the above mentioned songs is currently available in Escape's music

12   catalog for on-demand streaming. On information and belief, Escape has exploited each of the

13   above songs (and many more) through Grooveshark without license or payment to the owner(s)

14   of these sound recordings.

15       **C.    Grooveshark**

16       29.    Since at least 2006, Escape has operated Grooveshark.

17       30.    Escape streams sound recordings to the United States public, including members

18   of the public located in California, New York and Florida through Grooveshark. Such recordings

19   include the Pre-1972 Recordings and Plaintiff's Recordings.

20       31.    In order to stream these sound recordings, Escape has copied (and continues to

21   copy) sound recordings, including Pre-1972 Recordings and Plaintiff's Recordings, to one or

22   more of its servers or storage devices. These copies are then distributed to Grooveshark's users.

23       32.    Users of Grooveshark can access songs by either choosing a pre-existing station

24   or creating a playlist of songs queued by the user from Grooveshark's music catalog for on-

25   demand streaming. The Pre-1972 Recordings identified above that belong to the Plaintiff are

26   available to stream via Grooveshark.

27       33.    Grooveshark is available for myriad devices, including Mac OS and Windows-

28   based computers and Apple OS and Android-based peripherals (*e.g.*, smart phones and tablets).

34.     Escape provides Grooveshark for free as well as on a subscription basis. For $9.00 per month or $90.00 per year, subscribers (or "Grooveshark VIP") have access to additional features such as no advertisements, customizable site skins, and extended space in the user's library and favorites list.

35.     Escape streams advertisements to non-subscribing, free users of Grooveshark. Escape profits from its free service by collecting advertising revenue from advertising partners.

36.     Escape markets its Grooveshark as follows: "Grooveshark is the fastest, easiest way to listen to any song in the world for free."

37.     Escape knows that it does not have any license, right, or authority to reproduce, perform, distribute, or otherwise exploit Pre-1972 Recordings, including Plaintiff's Recordings on Grooveshark.

38.     Escape knows which of the recordings it reproduces, performs, distributes, or otherwise exploits through Grooveshark are Pre-1972 Recordings.

39.     Escape refuses to obtain the necessary permissions to exploit Pre-1972 Recordings and to compensate the owners of these recordings for the use of their property even though Escape: (a) makes substantial profits on its exploitation of Pre-1972 Recordings, (b) promotes Grooveshark as making Pre-1972 Recordings available, and (c) recognizes that it must license and pay for the performance of post-1972 sound recordings exploited through its Grooveshark.

## VI.     CLASS ACTION ALLEGATIONS

40.     This lawsuit is brought on behalf of Plaintiff individually and on behalf of all those similarly situated under Federal Rules of Civil Procedure 23(a), (b)(2), and (b)(3). Plaintiff seeks relief on behalf of itself and members of a Class defined as follows:

> All owners of sound recordings or musical performances that were initially "fixed" on a physical medium (*i.e.*, recorded) prior to February 15, 1972 and whose sound recordings were reproduced, performed, distributed, or otherwise exploited by Escape in the States of California, New York and Florida through Grooveshark and for which Escape had not received authorization or license to reproduce, perform, distribute, or otherwise exploit.

41.     Excluded from the Class are Defendants; any affiliate, parent, or subsidiary of Defendants; any entity in which Defendants have a controlling interest; any officer, director, or employee of Defendants; any successor or assignee of Defendants.

42.     ***Ascertainability***: The Class is readily ascertainable and is one for which records should exist.

43.     ***Numerosity***: Due to the nature of this case, Plaintiff believes that there are hundreds to thousands of geographically dispersed Class members, the exact number and identities being known to Defendants.

44.     ***Typicality***: Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and the Class have sustained damages arising out of Defendants' exploitation of Pre-1972 Recordings on Grooveshark without authorization or license, as alleged herein. The damages and injuries of each member of the Class were directly caused by Defendants' wrongful conduct in violation of California, New York and Florida law.

45.     ***Commonality***: There are questions of law and fact common to the Class, including, but not limited to the following:

a.     Whether Escape reproduced, performed, distributed, or otherwise exploited Pre-1972 Recordings on Grooveshark;

b.     Whether Escape received authorization from owners of Pre-1972 Recordings to reproduce, perform, distribute, or otherwise exploit the Pre-1972 Recordings on Grooveshark;

c.     Whether Escape paid royalties or licensing fees to owners of Pre-1972 Recordings that it reproduces, performs, distributes, or otherwise exploits on Grooveshark;

d.     Whether Defendants' reproduction, performance, distribution, or other exploitation of Pre-1972 Recordings on Grooveshark violates California, New York and Florida law;

e.     Whether Defendants' conduct, as alleged herein, caused injury to Plaintiff and the members of the Class;

1         f.      The appropriate measure of Classwide damages;

2         g.      The proper amount of punitive damages; and

3         h.      The appropriate nature of Classwide injunctive or equitable relief.

4         46.     ***Adequacy***: Plaintiff will fairly and adequately protect the interests of the members

5 of the Class. Plaintiff's interests are aligned with, and not antagonistic to, those of the other

6 members of the Class, and Plaintiff has retained counsel competent and experienced in the

7 prosecution of class actions to represent it and the other members of the Class.

8         47.     ***Predominance***: Questions of law or fact that are common to the members of the

9 Class predominate over any questions affecting only individual members of the Class.

10        48.     ***Superiority***: A class action is superior to other available methods for the fair and

11 efficient adjudication of this controversy. The prosecution of separate actions by individual

12 members of the Class would impose heavy burdens on the courts and Defendants and would

13 create a risk of inconsistent or varying adjudications of the questions of law and fact common to

14 the Class. A class action, on the other hand, would achieve substantial economies of time, effort,

15 and expense, and would assure uniformity of decision as to persons similarly situated without

16 sacrificing procedural fairness or bringing about other undesirable results. Absent a class action,

17 it would not be feasible for the vast majority of the members of the Class to seek redress for the

18 violations of law herein alleged.

19 **VII.**    **CLAIMS FOR RELIEF**

20                             **FIRST CLAIM FOR RELIEF**

21              **Violation of California Civil Code § 980(a)(2)**

22         49.     Plaintiff realleges and incorporates herein by reference, as though fully set forth

23 here, all preceding paragraphs of this Complaint.

24         50.     Plaintiff brings this cause of action individually and on behalf of the Class.

25         51.     Under California Civil Code § 980(a)(2), Plaintiff and members of the Class

26 possess exclusive ownership interests in and to the Pre-1972 Recordings, including the

27 performances embodied in those recordings.

28         52.     Defendants, without authorization or license, reproduced, performed, distributed,

1   or otherwise exploited Pre-1972 Recordings, including Plaintiff's Recordings, through

2   Grooveshark. As such, Defendants have infringed Plaintiff and the members of the Class's

3   exclusive ownership interests in the Pre-1972 Recordings in violation of California Civil Code §

4   980(a)(2).

5       53.   As a direct and proximate cause of Defendants' violation of California Civil Code

6   § 980(a)(2), Defendants have received and retained money and value that rightfully belongs to

7   Plaintiff and the members of the Class.

8       54.   As a direct and proximate cause of Defendants' violation of California Civil Code

9   § 980(a)(2), Plaintiff and the members of the Class have been damaged in an amount to be

10  determined at trial, but is likely to be tens of millions of dollars.

11                          **SECOND CLAIM FOR RELIEF**

12            **Unlawful and Unfair Business Acts and Practices in Violation of**

13          **California Business & Professions Code §§ 17200,** *et seq.*

14      55.   Plaintiff realleges and incorporates herein by reference, as though fully set forth

15  here, all preceding paragraphs of this Complaint.

16      56.   Plaintiff brings this cause of action individually and on behalf of the Class.

17      57.   California Business and Professions Code §§ 17200, *et seq.* prohibits acts of

18  unfair competition, which mean and include any unlawful, unfair or fraudulent business

19  practices.

20      58.   Fair dealings with artists are matters of great public concern in California and

21  elsewhere. As a society, we value creative expression, and accordingly foster and protect such

22  expression through copyright, trademark and other intellectual property laws. Specifically

23  applicable here is Senate Bill No. 1034, where the California Legislature determined that "the

24  recording industry is an important industry to the State of California," and that "artistic labor is

25  an important resource to the people of California that is vital to maintaining a healthy and vibrant

26  recording industry."

27      59.   As alleged herein, Defendants, without authorization or license, reproduced,

28  performed, distributed, or otherwise exploited Pre-1972 Recordings, including Plaintiff's

Recordings, through Grooveshark. As such, Defendants have infringed Plaintiff's and Class members' exclusive ownership interests in the Pre-1972 Recordings in violation of California Civil Code § 980(a)(2).

60.    As a result, Defendants' uniform policies, acts, omissions, and practices, among others, violate numerous provisions of California statutory and common law, including, but not limited to California Civil Code § 980(a)(2). Plaintiff reserves the right to allege other violations of law that constitute unlawful business acts or practices based upon the above-described conduct. Such conduct is ongoing and continues to this date.

61.    Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendants' unfair competition and violations of law in that Defendants never paid Plaintiff and the Class for the exploitation of the Pre-1972 Recordings.

62.    Defendants' conduct also constitutes "unfair" business acts and practices because Defendants' practices have caused and are "likely to cause substantial injury" to Plaintiff and members of the Class which injury is not "reasonably avoidable" by Plaintiff and the Class and is "not outweighed" by the practices' benefits to Plaintiff and the Class.

63.    Alternatively, Defendants' conduct constitutes "unfair" business acts and practices because Defendants' practices are unfair under the legislatively declared policy of California Civil Code § 980(a)(2).

64.    Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendants' unfair competition and violations of law in that Defendants failed to pay Plaintiff and the Class for the exploitation of Pre-1972 Recordings.

65.    Pursuant to California Business & Professions Code §17203, Plaintiff and the other Class members are therefore entitled to

(a)    An Order requiring Escape to cease the acts of unfair competition alleged herein;

(b)    An Order enjoining Escape from failing to account for royalties payable to Plaintiff and Class members for income derived from such licenses;

(c)    Full restitution of all monies paid to and retained by Escape otherwise

1  payable to Plaintiff and Class members, including, but not limited to, disgorgement pursuant to

2  California Code of Civil Procedure § 384;

3         (d)    Interest at the highest rate allowable by law; and

4         (e)    The payment of Plaintiff's attorneys' fees and costs under, among other

5  provisions of law, Cal. Code Civ. Proc. § 1021.5, or otherwise to the extent permitted by law.

6                          **THIRD CLAIM FOR RELIEF**

7              **Misappropriation Under California, New York And Florida Law**

8         66.    Plaintiff realleges and incorporates herein by reference, as though fully set forth

9  here, all preceding paragraphs of this Complaint.

10        67.    Plaintiff brings this cause of action individually and on behalf of the Class.

11        68.    Under California, New York and Florida law, Plaintiff and the members of the

12 Class possess exclusive ownerships in and to the Pre-1972 Recordings, including the artistic

13 performances embodied in those recordings.

14        69.    Plaintiff and the members of the Class (or their predecessors in interest) invested

15 substantial time and money in developing the Pre-1972 Recordings that Defendants reproduced,

16 performed, distributed, or otherwise exploited on Grooveshark.

17        70.    Because Escape did not obtain licenses to the Pre-1972 Recordings, it does not

18 incur any of the costs that a licensee would otherwise be obligated to pay in order to reproduce,

19 perform, distribute, or otherwise exploit these recordings.

20        71.    Defendants have and continue to misappropriate for its commercial benefit the

21 Pre-1972 Recordings through Grooveshark.

22        72.    As a direct and proximate cause of Defendants' misappropriation, Defendants

23 have received and retained money and value that rightfully belongs to Plaintiff and the Class.

24        73.    As a direct and proximate result of Defendants' violation of California, New York

25 and Florida law, Plaintiff and the Class have been damaged in an amount to be determined at

26 trial, but which is likely to be tens of millions of dollars.

27        74.    Defendants acted with oppression, fraud, or malice. Defendants' conduct was

28 undertaken in conscious disregard of Plaintiff and other members of the Class's rights to the Pre-

1972 Recordings. Accordingly, Plaintiff and the Class are entitled to punitive damages against Defendants in an amount sufficient to punish and make an example of Defendants and to discourage Defendants and others from engaging in the same or similar conduct in the future.

## FOURTH CLAIM FOR RELIEF

### Conversion Under California, New York And Florida Law

75.    Plaintiff realleges and incorporates herein by reference, as though fully set forth here, all preceding paragraphs of this Complaint.

76.    Plaintiff brings this cause of action individually and on behalf of the Class.

77.    By reproducing, performing, distributing, or otherwise exploiting the Pre-1972 Recordings on Grooveshark, Defendants have converted for its own use the Plaintiff and the Class's property rights in the Pre-1972 Recordings and has dispossessed Plaintiff and the Class of these rights.

78.    As a direct and proximate cause of its conversion, Defendants have received and retained money and value that rightfully belongs to Plaintiff and the Class.

79.    As a direct and proximate result of Defendants' violation of California, New York and Florida law, Plaintiff and the Class have been damaged in an amount to be determined at trial, but which is likely to be tens of millions of dollars.

80.    Defendants acted with oppression, fraud, or malice. Defendants' conduct was undertaken in conscious disregard of Plaintiff and other members of the Class's rights to the Pre-1972 Recordings. Accordingly, Plaintiff and the Class are entitled to punitive damages against Defendants in an amount sufficient to punish and make an example of Defendants and to discourage Defendants and others from engaging in the same or similar conduct in the future.

## FIFTH CLAIM FOR RELIEF

### Copyright Infringement Under New York and Florida Law

81.    Plaintiff realleges and incorporates herein by reference, as though fully set forth here, all preceding paragraphs of this Complaint.

82.    Plaintiff brings this cause of action individually and on behalf of the Class.

83.    The Pre-1972 Recordings are unique intellectual property subject to common law

1   copyright protection under New York and Florida law.

2        84.    Plaintiff and Class Members are owners of valid common law copyrights or

3   exclusive licenses in the Pre-1972 Recordings. They hold the exclusive rights to reproduce,

4   perform, distribute, or otherwise exploit the Pre-1972 Recordings, and to license or to refrain

5   from licensing others to do so.

6        85.    Plaintiff and the other Class Members have not authorized or licensed the

7   Defendants to reproduce, perform, distribute or otherwise exploit the Pre-1972 Recordings in any

8   manner. Defendants are not, and at all relevant times were not, entitled to or authorized to

9   reproduce, perform, distribute or otherwise exploit the Pre-1972 Recordings.

10       86.    Defendants have reproduced, performed, distributed or otherwise exploited

11  unauthorized copies of Pre-1972 recordings, including Plaintiff's recordings. Defendants' acts

12  constitute infringement of Plaintiff's and Class Members' common law copyrights in such

13  recordings and violates their exclusive rights therein.

14       87.    While the Plaintiff and Class Members have invested substantial time and money

15  in the development of their Pre-1972 Recordings, the Defendants have infringed their copyrights

16  at little or no cost and without license or authority. The Defendants have copied the Pre-1972

17  Recordings owned by Plaintiff and the Class Members and publicly performed these recordings

18  for subscribers in New York and Florida.

19       88.    Defendants have disregarded the Plaintiff's and Class Members' copyrights in and

20  exclusive ownership of their Pre-1972 Recordings. As a direct and proximate consequence of the

21  Defendants' copyright infringements, Plaintiff and the Class Members have been damaged.

22       89.    Defendants' conduct causes and continues to cause Plaintiff and the Class

23  Members great and irreparable injury that can neither be fully compensated nor measured

24  entirely in monetary value. The Plaintiff and the Class Members have no adequate remedy at law

25  and are entitled to temporary, preliminary and permanent injunctions that prohibit Defendants

26  from further violating Plaintiff's and the Class Members' rights in and exclusive ownership of

27  their Pre-1972 Recordings in New York and Florida.

28

**SIXTH CLAIM FOR RELIEF**

**Declaratory Relief Under 28 U.S.C. § 2201 *et seq.***

90.     Plaintiff realleges and incorporates herein by reference, as though fully set forth here, all preceding paragraphs of this Complaint.

91.     Plaintiff brings this cause of action individually and on behalf of the Class.

92.     An actual dispute has arisen between Plaintiff, putative class members and Defendants.

93.     Plaintiff contends that Defendants' present and future copying, public performance and exploitation of Plaintiff's and putative class members' Pre-1972 recordings without authorization or consent, and without compensation, violate California, New York and Florida law. By their conduct, Defendants dispute this contention.

94.     Plaintiff requests a judicial declaration of the rights and duties of the parties with regard to this dispute pursuant to 28 U.S.C. § 2201.

95.     Such a declaration is necessary and proper at this time under all the circumstances in order to resolve present and continuing disputes between the parties, to prevent further violations of Plaintiff's rights and to avoid a multiplicity of future actions.

96.     Plaintiff also seeks such further necessary of proper relief as permitted pursuant to 28 U.S.C. § 2202.

**VIII.   PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment and relief against Defendants as follows:

A.      That the Court certify and maintain this action as a class action and certify the Class defined above;

B.      That the Court declare Defendants' conduct, as detailed above, violates the law;

C.      That the Court permanently enjoin Defendants from, without license, reproducing, performing, distributing, or otherwise exploiting via Grooveshark Pre-1972 Recordings;

D.      That the Court permanently enjoin Defendants from infringing, misappropriating, or converting, directly or indirectly, Plaintiff and the Class's exclusive ownership interests in and to, including the artistic performances embodied thereon, Pre-1972 Recordings, including

CLASS ACTION COMPLAINT

- 15 -

1   without limitation by directly or indirectly reproducing, performing, distributing, or otherwise

2   exploiting via Grooveshark the Pre-1972 Recordings.

3        E.    That the Court enter an order requiring Defendants to pay Plaintiff and the Class

4   compensatory and punitive damages for those claims where such damages are available;

5        F.    That the Court enter an order requiring Defendants to pay Plaintiff and the Class

6   restitution so as to restore all funds acquired by means of any act or practice declared by this

7   Court to be unlawful or unfair;

8        G.    That the Court enter an order disgorging Defendants of all monies, revenues, and

9   profits obtained by means of any act or practice declared by this Court to be unlawful;

10        H.    That the Court enter an order requiring Defendants to pay punitive damages for

11   those claims where such damages are available;

12        I.    That the Court award Plaintiff and the Class the costs to investigate and prosecute

13   this lawsuit and reasonable attorneys' fees and expenses as authorized by law;

14        J.    That the Court award pre-judgment and post-judgment interest at the legal rate;

15   and

16        K.    That the Court enter an order affording such other and further legal and equitable

17   relief as this Court may deem just and proper.

18   **IX.**    <u>**JURY DEMAND**</u>

19        Plaintiff demands a trial by jury on all causes of action so triable.

20   Dated:      February 13, 2015        /s/   *Michael P. Lehmann*

21                                Michael P. Lehmann (State Bar No. 77152)
                                *mlehmann@hausfeld.com*

22                                Christopher L. Lebsock (State Bar No. 184546)
                                *clebsock@hausfeld.com*

23                                Bonny E. Sweeney (State Bar No. 176174)
                                *bsweeney@hausfeld.com*

24                                Bruce J. Wecker (State Bar No. 78530)
                                *bwecker@hausfeld.com*

25                                Stephanie Y. Cho (State Bar No. 291903)
                                *scho@hausfeld.com*

26                                **HAUSFELD LLP**

27                                44 Montgomery St.

28                                San Francisco, CA 94104

1

Phone: (415) 633-1908
Fax: (415) 358-4980

2

3

Michael D. Hausfeld (*pro hac vice*)
*mhausfeld.hausfeld.com*
James J. Pizzirusso (*pro hac vice*)
*jpizzirusso@hausfeld.com*
Nathaniel C. Giddings (*pro hac vice*)
*ngiddings@hausfeld.com*
**HAUSFELD LLP**
1700 K Street, N.W., Suite 650
Washington, D.C. 20006
Phone: (202) 540-7200
Fax: (202) 540-7201

4

5

6

7

8

9

*Counsel for Plaintiff*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28